

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL RALSTON, §
   Petitioner, §
§
v. § Civil Action No. 4:08-CV-453-A
§ (Consolidated with No. 4:08-CV-456-A)
NATHANIEL QUARTERMAN, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
   Respondent. §

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Michael Ralston, TDCJ # 1219556, is a state prisoner who is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Abilene, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On February 19, 2004, a jury found Ralston guilty of aggravated sexual assault of a child

under 14 years of age (count one) and indecency with a child (count two) in the Criminal District Court Number Two of Tarrant County, Texas, Case No. 0841509D, and assessed his punishment at life imprisonment on count one and twenty-years' imprisonment on count two. (Resp't Preliminary Resp., Exhibit B) The Second District Court of Appeals of Texas affirmed the trial court's judgment on February 3, 2005, and the Texas Court of Criminal Appeals refused Ralston's petition for discretionary review on July 27, 2005. *Ralston v. Texas*, No. 02-04-082-CR , slip op. (Tex. App.–Fort Worth Feb. 3, 2005, pet. ref'd) (not designated for publication); *Ralston v. Texas*, PDR No. 0284-05. Ralston did not seek writ of certiorari.

Ralston also sought state postconviction habeas corpus relief under article 11.07 of the Texas Code of Criminal Procedure by filing five state habeas applications. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2008) ("Procedure After Conviction Without Death Penalty"). *See also* http://www.cca.courts.state.tx. The first two were dismissed by the Texas Court of Criminal Appeals because his direct appeal was still pending. *Ex parte Ralston*, Application Nos. WR-58,642-01 & WR-58,642-02, at cover. The third, filed on February 7, 2006, was dismissed by the Texas Court of Criminal Appeals for noncompliance with Rule 73.1 of the Texas Rules of Appellate Procedure on September 13, 2006. *Ex parte Ralston*, Application No. WR-58,642-03, at cover. The forth application, filed on February 6, 2007, was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on March 28, 2007. *Ex parte Ralston*, Application No. WR-58,642-04, at cover. The fifth, filed on December 26, 2007, was dismissed as successive by the Texas Court of Criminal Appeals on February 27, 2008. *Ex parte Ralston*, Application No. WR-58,842-05. Ralston filed two federal petitions for writ of habeas corpus, one

for each conviction, on June 25, 2008,[1] in the Dallas Division, which subsequently transferred the actions to this Division. The two cases were consolidated on September 26, 2008. (docket entry # 18) Quarterman has filed a preliminary response addressing only the issue of limitations.

## D. Issues

Ralston raises nine grounds for relief challenging his 2004 conviction and/or sentence. (Petition at 7-8 & Insert)

## E. Statute of Limitations

Quarterman argues that Ralston's claims are time-barred and that his petition should be dismissed with prejudice under the federal statute of limitations. (Resp't Preliminary Resp. at 7-8) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

3

>             (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through the exercise of
> due diligence.
>
>    (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or claim
> is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Pursuant to subsection (1)(A), applicable to this case, the federal statute of limitations commenced when the trial court's judgment on the jury verdict of guilty became final by the conclusion of direct review or the expiration of the time for seeking such review. For purposes of this provision, the judgment became final and the one-year limitations period began to run upon expiration of the time that Ralston had for seeking certiorari in the United States Supreme Court on October 25, 2005, and expired one year later on October 25, 2006, absent any applicable tolling. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998).

Ralston's state habeas applications filed while his direct appeal was still pending and before the statute of limitations began to run did not operate to toll the limitations period under § 2244(d)(2). His third application dismissed for noncompliance with rule 73.1 did not operate to toll the limitations period under the statutory tolling provision because it was not "properly filed." *See Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000); *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). Nor did his fourth or fifth application, both filed after the statute of limitations had already expired, operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Further, Ralston has failed to assert a valid reason justifying tolling as a matter of equity, and the record reveals none. He asserts that the evidence he now presents in favor of his claims–i.e., his state court records and a medical report, is newly discovered

and establishes a credible claim of actual innocence. Equitable tolling is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Difficulty obtaining records is a common problem among inmates who are trying to pursue postconviction habeas relief. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Moreover, claims of actual innocence do not warrant equitable tolling. *Id.* at 171.

Ralston's federal petition was due on or before October 25, 2006; thus, his petition filed on June 25, 2008, is untimely.

## II. RECOMMENDATION

Ralston's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 4, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 4, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 15, 2008.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE