

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 2 1 2008

CLERK, U.S. DISTRICT COURT
By _____
Deputy

MICHAEL RALSTON,                     §
                                     §
            Applicant,               §
                                     §
VS.                                  §   NO. 4:08-CV-453-A
                                     §   (consolidated with
                                     §   No. 4:08-CV-456-A)
                                     §
NATHANIEL QUARTERMAN, Director,      §
Texas Department of Criminal         §
Justice, Correctional                §
Institutions Division,               §
                                     §
            Respondent.              §

## O R D E R

Came on for consideration the above-captioned action wherein

Michael Ralston is applicant ("Ralston") and Nathaniel

Quarterman, Director, Texas Department of Criminal Justice,

Correctional Institutions Division, is respondent. This is an

application for writ of habeas corpus filed pursuant to 28 U.S.C.

§ 2254. On October 15, 2008, the United States Magistrate Judge

issued his proposed findings, conclusions, and recommendation

("FC&R"), and ordered that the parties file objections, if any,

thereto by November 4, 2008. On November 3, 2008, Ralston filed

his written objections.  Respondent has not made any further

response.  In accordance with 28 U.S.C. § 636(b)(1) and Rule 72

of the Federal Rules of Civil Procedure, the court makes a de

novo determination of those portions of the proposed findings or

recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

The magistrate judge recommended the application be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A). Ralston raises four objections, stating that the FC&R: (1) violates his substantive and due process rights; (2) violates his right to equal protection; (3) violates his right to the Great Writ of Habeas Corpus and ultimately suspends the writ; and (4) ignores that his claim of actual innocence by newly discovered evidence tolls the one year limitation period.

Ralston's first three objections are without merit, as they offer no legal authority to overcome the FC&R that the application was time-barred. As to the fourth objection, Ralston maintains that his claim of actual innocence and allegedly newly discovered evidence should effectively toll the limitations period. A mere claim of actual innocence is insufficient to toll the one-year limitations period. <u>See</u> <u>Felder v. Johnson</u>, 204 F.3d 168, 171-72 (5th Cir. 2000). The "newly discovered" evidence Ralston claims to have uncovered consists of his trial

2

transcripts and a medical report prepared when his sexual assault victim was examined in the emergency room. Ralston claims he received the medical report on April 24, 2007, thus bringing it into the category of "newly discovered evidence." However, the nurse that completed the report testified at length during Ralston's trial and specifically referred to the report during her testimony. See Ralston Memorandum of Law, Ex. D. at 165. This should have put Ralston on notice as to the report's existence at the time of trial. Ralston's three-year delay between the time of trial and the time he obtained the medical report does not transform it into "newly discovered evidence." "Facts contained in [Ralston's] transcript and court record are not newly discovered facts sufficient to extend the time limitation for filing" under § 2244(d)(1)(A). Santillan v. Cockrell, 2002 WL 999376 at *3 (N.D. Tex. May 9, 2002).

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the application be, and is hereby, dismissed as time-barred.

SIGNED November 21, 2008.

JOHN McBRYDE
United States District Judge

3